MOORE, J.,
concurs.
I join with the majority opinion which finds that the trial court was not clearly wrong in ruling in favor of the plaintiff. I write to note that appellate review of this record was made much more difficult than need be because the trial court failed or refused to provide meaningful findings of fact and written reasons for its ruling despite a timely proper request per La. C.C.P. art. 1917 by counsel for the defendants.
Following completion of testimony and argument by counsel, the trial court commented briefly on one of the issues before it and requested simultaneous briefing. Counsel for each party dutifully complied by submitting timely briefs and the court issued a “Ruling and Judgment,” which declared, after the customary preamble, as follows:
Considering that this Court finds and concludes that the right of first refusal was violated and interfered with in this action and the asserted ‘release’ is incredible.
After counsel promptly filed a request for findings of fact and written reasons for judgment, the trial court issued and filed a document entitled “Findings of the Court and Reasons for Judgment.” This document was nothing more than a regurgitation of the passage quoted above. Such minimal and perfunctory compliance with art. 1917 provides neither the litigants nor this court with any insight as what testimony the trial court heard which caused it to conclude that the release of the right of first refusal was “incredible.” Nor does the terse recitation of the conclusion that the right of first refusal was “violated” and “interfered with” enlighten this Lcourt with the facts and circumstances which the trial court found determinative on this crucial issue.
. Counsel for both sides worked hard to develop a record and resolve issues that are infrequently litigated, but important. The trial court regrettably did not fulfill *751 its obligation to fully explain why it ruled in the manner it did.